JOHN T. HUNT *v.* SAMUEL P. WESTERVELT.

Where a person sells goods upon a stipulation that the price thereof shall be allowed to him in materials for certain houses belonging to him, he cannot recover judgment for the price of the goods, without proof that such materials were not furnished, and that the same were demanded of the defendant and delivery refused.

He must show that the defendant is in default.

Where a defendant applies for a suspension of the judgment and for a new trial, under § 366 of the Code, this court cannot grant the application if the defendant has appeared and answered in the court below; but if it appear, from the return, that the judgment is not warranted by sufficient evidence, it will be reversed.

Where, upon a reversal by this court, it appears, by a transcript from the docket, that the judgment has been satisfied, restitution will be ordered.

APPEAL by the defendant from the Sixth District Court. The opinion states the facts.

*John* and *Robert H. Sherwood*, for the defendant.

*Jacob Cole*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The defendant having appeared before the justice, and put in his answer, we have no power, under § 366 of the Code, to suspend or vacate the judgment and order a new trial.

But I am clear in my opinion that there was no sufficient evidence before the justice to warrant a judgment for the plaintiff.

The complaint was for goods sold and delivered, and the defendant answered by a general denial. The plaintiff proved, that in the month of May, 1854, he settled with the defendant and paid him money, in full up to that time. What transactions were had between the parties after that date, does not distinctly appear. But on the 3d of October following, the plaintiff agreed to sell to the defendant a piano for two

hundred and fifty dollars. The precise terms of sale are contained in a written receipt, which was conclusive, in the absence of any evidence offered to explain or to show mistake, or any thing else to affect it. That receipt is in these words : " Received from John T. Hunt, his order for piano, which is in his house in 27th street, No. 224. Said piano, when received, will be allowed as two hundred and fifty dollars, on account of blue and extra brown stone for Hunt's houses in 37th street, between 5th and 6th avenues. " $250. New York, October the 3d, 1854. S. P. Westervelt."

The further proof that the defendant received the piano is all the evidence in the case.

The work or materials for which the price of the piano was to be allowed as payment was either work already done or furnished, or was to be done or furnished after the date of the receipt.

There was no evidence that it had not been done after the settlement in May, and before the 3d of October. And even if it appeared that it had been done before May, the proof introduced by the plaintiff himself, in this receipt, should have concluded him. It showed that whatever had transpired in May, the plaintiff himself delivered the piano in October, to be allowed to him on account of stone. If the stone was to be furnished after the 3d of October, the plaintiff could not recover the money without proving a demand of the stone and a refusal of the defendant to deliver.

There was nothing in the case made by the plaintiff to show that the defendant was in default, or that he was not fully entitled to insist upon the very terms of the written agreement between them, and which the plaintiff gave in evidence.

The judgment must be reversed, with costs ; and, as it appears by transcript from the docket that the judgment is satisfied, restitution should be ordered.

Judgment reversed, and restitution ordered.